# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

STEVEN V. FLEMMING

    Petitioner

-Vs-

CV-11-PT-3659-M PWG

**AFFIDAVIT**

CHIEF SCOTT HASSEL HART,
et al.,
    Respondents.

## TRAVERSE TO THE ANSWER
## AND FOR SUMMARY JUDGMENT

I, Steven V. Flemming, first duly sworn under oath deposes and says:

1. That I'm the Petitioner in the above captioned cause and make this Affidavit in support of this writ of Habeas Corpus and presence unto this honorable court.

2. The I'm petitioner in concludes that respondent's answer is misleading, the defenses are not meritorious. See e.g., lowery v. Young, 887 F.2d 1309, 1311(7th Cir 1989) traverse filed addressing state's argument that Petitioner was not "in custody" for Habeas corpus purpose; amendment to traverse filed asserting new claim. See Supra §16.2e (Request that court defer ruling pending rely).See also Thompson v. Missouri Bd .of parole, supra, 929 F.2d at 399N.3 (discussed Supra note 7); Jones v. United States bur. Of Prisons, 903 F.2d 1178, 181 N.10(8th Cir1990) (suggesting that traverse was appropriate

1

method of alleging prejudice caused by respondent's allegedly improper delay in providing parole hearing).

3. The respondents named Edward Fleming as petitioner filed in response declaration ,is not Steven Flemming the Petitioner , this declaration have No genuine material fact. See Exhibit A.

4. Upon the material Fact that the Petitioner name is Steven Flemming, and there are no genuine material facts in the respondent's declaration should be moot. See Exhibit: A.

5. Petitioner is a citizen of St.kitts. who last entered Christiansted, St.Criox Virgin Island on or about September, 23rd 1991 as an lawful Permanent resident (Immigrant child) with his mother that is a lawful permanent resident, and still resides lawfully in the united States. (See Exhibit: A,2).

6. On Sep, 22nd 1997 Mr. Flemming **was not convicted** in the superior court at Bartow County Georgia, but plead guilty for Possession by Ingestion cocaine in violation OCGA 16-13-30, was sentenced to ten years, to serve two in confinement. See Exhibit: A, 4).

7. Also on the same day above Sep 22, 1997 **was not convicted** but plead guilty for posses with intent to cocaine not on person in violation OCGA 16-13-30 with the same sentence to ten years, to serve two years in confinement. see Exhibit:A,4).

8. In the Respondent declaration states "Petitioner initially entered **ICE custody on June 20, 2005"** "Mr Flemming was transferred to **ICE Custody on November 15,2006."** No genuine substantial evident material Fact. See Exhibit: A ,5-6).

9.On February 21 , 2008 , Mr.Flemming did not filed a habeas corpus contesting his removal with the US District Court, Middle District of Georgia. "this case was dismissed

2

on September 11, 2008." "Mr.Flemming appealed the Board's decision to the US Court of Appeals for the Eleventh Circuit court was dismissed on September 11, 2008." See Exhibit :A, 6-7).

10. On or Nov, 2008 Mr.Flemming filed a habeas corpus contesting his indefinite detention in ICE in Stewart detention center with <u>genuine substantial evident material Fact.</u> was transferred to Atlanta detention center later December 2008.

11. On or about Jan 2009 filed another habeas corpus contesting his indefinite detention with <u>genuine substantial evident material Fact.</u> and was release before Judgment ,See the case number:1:08-cv-03789-CAP in the United States District Court Northern District of Georgia. See Exhibit:B

12. On Jan 9,2009 Mr. Flemming was released from ICE custody on an Order supervision before the habeas corpus Judgment 1:08-Cv-03789-CAP decided by Atlanta Field Office not the ICE Headquarters to avoid justice after from been in Atlanta ICE custody June 20,2005 to January 2009 . See Exhibit: A,8).

13.On **April 25,2011** Mr.Flemming was not arrested for theft by taking that was not committed , there are **no** <u>genuine substantial evident material Fact</u> See Exhibit:A,9).

14.In the respondent brief stated Mr. "Fleming was also in violation of his order of supervision due to his incarceration in Bartow County ,Georgia for an **April19, 2011** arrest for theft" Above date **April 25th 2011** .See( Respondent brief pg:3:5-6).

15.On May 3rd,2011 Mr.Flemming did not violate his "Order of supervision due to failure to report as required." See Exhibit: C)

16. On September 1, 2011 Mr.Flemming was not incarceration in Bartow County but was been held in "custody" for ICE hold or detainer from the 19th day April was taken into

3

"custody" .See Exhibit:D (Bartow county request).

17. Mr. Flemming **did not** violate the "Order of supervision due to Incarceration in Bartow County," But was held in custody for ICE; did not commit or was charge and was not " arrest on drug distribution **changes**.) See Exhibit; A,11).

(a) in pretrial detention For ICE detainer the Petitioner ,although "in custody" **is not** "Incarcerated". See Supra §§8.2 a. 8.2d.

"Incarceration" encompasses confinement in Prison (eg.Withrow v. Williams ,507U.S.680(1993); Fay V.noia.372U.S391(1963)).

(b)Hensley v. Municipal Ct., 411 U.S. at 351 (quoting Jones v. Cunningham, 371 U.S. at 240). Accord Jones v. Cunningham, 371 U.S. at 243 (paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do"). See Dickerson v. Guste, 932 F.2d 1142, 1144 (5th Cir.), cert. denied, 502 U.S. 875 (1991) (custody for purposes of habeas corpus review is broader than custody sufficient to trigger speedy trial requirements; detainer lodged against prisoner serving sentence under prior conviction satisfies former, but not latter, definition of custody); Fernos-Lopez v. Figarella-Lopez, 929 F.2d 20, 21–23 (1st Cir.), cert. denied, 502 U.S. 886 (1991) (incarceration in jail for civil contempt for failure to comply with order to pay alimony would constitute custody for habeas corpus purposes); Steinberg v. Police Court, 610 F.2d 449, 453 (6th Cir. 1979). See also Picrin-

19. Peron v. Rison, 930 F.2d 773, 775–76 (9th Cir. 1991) (possibility that INS in future might confine petitioner whom it previously incarcerated pursuant to exclusion proceedings, but whom it released at least temporarily, might qualify as "custody" under "voluntary cessation exception to the mootness doctrine"; court concludes, however, that

INS was not "free to resume" incarceration, as required by "voluntary cessation" exception, )". See generally Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts (citing and discussing cases); authority cited infra ⌡ §8.2d nn.40–50.

See, e.g., Malinovsky v. Court of Common Pleas, 7 F.3d 1263, 1265 (6th Cir. 1993), cert. denied, 510 U.S. 1194 (1994) ("custody" requirement satisfied because petitioner "has been released on a personal recognizance bond"); Capler v. City of Greenville, 422 F.2d 299, 301 (5th Cir. 1970) (bond pending appeal). But cf. Lahey v. Floyd, 992 F.2d 234, 235–36 (9th Cir. 1993) (although recognizing that pretrial release on bond can constitute "custody" in appropriate circumstances, court finds that petitioner's pretrial release on bond to live in brother's home (later modified to own home) did not constitute "custody" because "[n]o serious impairment of [petitioner's] freedom was involved").

See, e.g., Justices of Boston Mun. Ct. v. Lydon, 466 U.S. 294, 301 (1984) (petitioner who had been released on own recognizance pending trial de novo was in "custody" for habeas corpus purposes because petitioner was "subject[ed] … to 'restraints not shared by the public generally,' " in that he was "under an obligation to appear for trial … on the scheduled day and also 'at any subsequent time to which the case may be continued,' " and also was constrained by "require[ment] that he 'not depart [from the jurisdiction] without leave' "); Hensley v. Municipal Ct., 411 U.S. at 351–52 (release on recognizance subject to conditions pending appeal); Lawrence v. 48th District Court, 560 F.3d 475, 480 (6th Cir. 2009) ("custody" requirement was satisfied because "Lawrence had been sentenced and then released on personal bond pending the resolution of his appeals"); Oyler v. Allenbrand, 23 F.3d 292, 293–94 (10th Cir.), cert. denied, 513 U.S. 909 (1994)

(release on bond pending appeal); Nakell v. Attorney General, 15 F.3d 319, 323 (4th Cir. 1994); Mieles v. United States, 895 F.2d 887, 888 (2d Cir. 1990); Saylor v. Cornelius, 845 F.2d 1401, 1403 n.2 (6th Cir. 1988) (obligation to appear for trial constitutes custody for habeas corpus purposes); Reimnitz v. State's Attorney, 761 F.2d 405, 408 (7th Cir. 1985) (release under "mandatory supervised" conditions pending appeal); United States ex rel. Scranton v. New York, 532 F.2d 292, 293–94 (2d Cir. 1976) (release on recognizance pending trial); United States v. Hill, 171 F. Supp. 2d 1032, 1037 n.3 (D. S.D. 2001) (federal prisoner who "filed his ] 2255 Motion before he appealed his conviction and surrendered himself to the Bureau of Prisons to begin serving his sentence … was 'restrained' to the extent that he was effectively 'in custody' for purposes of ] 2255 review" (citing FHCPP));see Spring v. Caldwell, 692 F.2d 994, 999 (5th Cir. 1982) ("arrest warrant issued for willful refusal to pay a fine does not amount to custody").

It is very clear that Mr.Flemming was not **not incarcerated** at Bartow county as was held for ICE but **was in custody** and also not in violation of the order of supervision as stated by declaration that is **traverse**.

8 U.S.C. 1231]

(a) Detention, Release, and Removal of Aliens Ordered Removed

(1) Removal period

(A) In general

Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

(B) Beginning of period

6

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

20. The genuine substantial evident material Fact have shown very clearly that Mr.Flemming was in the custody of ICE entered June 20, 2005 unto date, this is over six years in counting.

21. On June 6th, 2007 an Immigration Judge's ordered Petitioner removed from the United States and this order became final order as BIA affirmed the IJ's Order on August 31,2007 ,there was no stay of removal Granted, was on January 9,2008 release Petitioner after filing a Habeas corpus before Judgment was given for justice ,Case Number:1:08-Cv-03789-CAP.

22. Mr. Flemming was and is under the detained under immigration process as we see a detainer or hold was in Bartow County detention center computer the 19,April 2011 and supervision records report September 27, 2011 place to report ICE in Los Angeles ,California with the" request or "apply for travel document" . See Exhibit

23 . In pretrial detention For ICE detainer the Petitioner ,although "in custody" **is not** "Incarcerated". See Supra 8.2 a.8.2d.

"Incarceration" encompasses confinement in Prison (eg. With row v. Williams ,507U.S.680 (1993); Fay V. Noia.372U.S391(1963)).

24. On August 31, 2007 Mr. Flemming received a final removal order. See Exhibit:

7

The 90 days period was pass Dec 1st, 2008 as to removal March 3rd, 2008 six months after in ICE custody unto January 9th 2009 to See: <u>In Zadvyas, the Court held that individuals with final orders of removal could validly be detained for Six months. 533 U.S. at 701. After six months, individuals may be released upon a showing that there is no significant likelihood of removal in the reasonably foreseeable future.Id. See;</u> Kim, 123 S.Ct.at 1720.

25. On September 2nd 2011 Mr. Flemming was transferred by Sheriff of Irwin Detention Center, from Bartow County Detention Center to Atlanta Detention Center not "by ICE Fugitive Operations Officers at the Bartow County, Georgia Detention center after failing to depart the United **States**." Remind this Court that Mr. Flemming is on supervision release not a time or date set for departure. See Exhibit: A, 12).

26. On September 8, 2011 Mr. Flemming Filled an Application for travel document that was submitted to consulate .See Exhibit:A,14).

27. On September 7, 2011 there was no service of the "Form I-299(a), warning for failure to Depart." Remind this Court that ICE have received and had birth certificate of Mr. Flemming from 2007 and before in Sep 23rd 1991 a lawful permanent resident Immigration have all correct name and information ,there are <u>no material fact</u> of Mr.Flemming giving false information a anytime in the United States or to ICE so <u>Traverse</u> .See: Exhibit: A, 19), G.

28. The Government of St.kitts has made it clear and declined to a travel document in Mr.Flemming's case as we read <u>the material fact</u> the letter from Embassy of St. Kitts stated on March 15, 2011 "Please be advise that the embassy is not in a position to issue

8

any documents at this time." The Embassy had all correct name and Information before declined by letter ,and on the 9th November 2011 by not issuing ICE request for document : See Exhibit: A, 19), G.

On Oct, 12 2011, was serve a **Notice To Alien of file custody Review** after the Habeas Corpus was filed .See Exhibit:

On November 8th 2011, was serve a **Notice To Alien of file custody Review** after the Habeas Corpus was filed .See Exhibit: A, 16).

    **WHEREFORE,** I respectfully urge this honorable court to grant assist to Steven V. Flemming **TRAVERSE TO THE ANSWER** Writ of Habeas Corpus relief and **Summary Judgment** unto Flemming's indefinite detention to the above mentioned in the intent of justice.

I Steven v Flemming declare under penalty of perjury that the foregoing is true and the best of my knowledge and belief.

Executed: Nov 28 2011

                        Respectfully Submitted

                        Steven V. Flemming Pro-se.

**SWORN TO AND SUBSCRIBED TO** before me this 28 day of Nov , 2011.

M Ladah Lankford
**NOTARY PUBLIC.**

MY COMMISSION EXPIRES APRIL 27, 2014

9