FILED

2011 Dec-02  PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE   DIVISION

**STEVEN V. FLEMMING**

      **Petitioner**

                                                    **CV-11-PT-3659-M PWG**

-vs. -                                         **AFFIDAVIT**

**CHIEF SCOTT HASSEL HART,**
**et al.,**

            **Respondents.**

## TRAVERSE TO THE ANSWER
## AND FOR SUMMARY JUDGMENT

I, STEVEN V.FLEMMING FIRST duly sworn under oath deposes and says:

That I'm Petitioner in the above captioned cause and make this Affidavit in support of this

Traverse To The Answer and Presence unto this honorable Court.

## FACTS

~~Finally~~, Assistant United States Attorneys, like counsel for other parties to federal civil actions,

are ethically barred from moving for summary judgment when a factual dispute clearly is

present. See, e.g., Cain v. Smith, 686 F.2d 374, 380 n.10 (6th Cir. 1982). See also supra §§ 11.7b

n.11–12, 16.1b n.18; infra §§ 22.1 n.47, 28.3c n.58. The respondent response should be counted

as moot.

The respondents named Edward Fleming as petitioner filed in response declaration ,is not Steven

Flemming the Petitioner[?]; this declaration have No genuine material fact. See Exhibit A.

1

On or about Jan 2009 filed another habeas corpus contesting his indefinite detention with genuine substantial evident material Fact. and was release before Judgment ,See the case Number: 1:08-cv-03789-CAP in the United States District Court Northern District of Georgia. See Exhibit:B

On Jan 9, 2009 Mr. Flemming was released from ICE custody on an Order supervision before the habeas corpus Judgment 1:08-Cv-03789-CAP decided by Atlanta Field Office not the ICE Headquarters to avoid justice after from been in Atlanta ICE custody June 20,2005 to January 2009 . See Exhibit: A,8).

On **April 25, 2011** Mr. Flemming was not arrested for theft by taking that was not committed, there are **no**   genuine substantial evident material Fact See Exhibit:A,9).

In the respondent brief stated Mr. "Fleming was also in violation of his order of supervision due to his incarceration in Bartow County ,Georgia for an **April 19, 2011** arrest for theft" Above date **April 25th 2011** .See( Respondent brief pg:3:5-6).

On May 3rd, 2011 Mr. Flemming did not violate his "Order of supervision due to failure to report as required." See Exhibit: C)

On September 1,2011 Mr. Flemming was not incarceration in Bartow County but was been held in "custody" for ICE hold or detainer from the 19th day April was taken into "custody" .See Exhibit:D (Bartow county request).

Mr. Flemming **did not** violate the "Order of supervision due to Incarceration in Bartow County ," But was held in custody for ICE; did not commit or was charge and was not " arrest on drug distribution **changes**.) See Exhibit; A, 11).

(a) in pretrial detention For ICE detainer the Petitioner ,although "in custody" **is not** "Incarcerated". See Supra §§8.2 a. 8.2d.

3

Upon the material Fact that the Petitioner name is Steven Flemming, and there are no genuine material facts in the respondent's declaration should be moot. See Exhibit: A.

Petitioner is a citizen of St. Kitts. Who last entered Christiansted, St.Criox Virgin Island on or about September, 23rd 1991 as an lawful Permanent resident (Immigrant child) with his mother that is a lawful permanent resident, and still resides lawfully in the united States. (See Exhibit: A,2).

On Sep, 22nd 1997 Mr. Flemming **was not convicted** in the superior court at Bartow County Georgia, but plead guilty for Possession by Ingestion cocaine in violation OCGA 16-13-30, was sentenced to ten years, to serve two in confinement. See Exhibit: A, 4).

Also on the same day above Sep 22, 1997 **was not convicted** but plead guilty for possess with intent to cocaine not on person in violation OCGA 16-13-30 with the same sentence to ten years ,to serve two years in confinement. See Exhibit: A, 4).

In the Respondent declaration states "Petitioner initially entered **ICE custody on June 20, 2005"** "Mr Flemming was transferred to **ICE Custody on November 15,2006."** No genuine substantial evident material Fact. See Exhibit: A, 5-6).

On February 21st, 2008, Mr. Flemming did not file a habeas corpus contesting his removal with the US District Court, Middle District of Georgia. "this case was dismissed on September 11, 2008." "Mr.Flemming appealed the Board's decision to the US Court of Appeals for the Eleventh Circuit court was dismissed on September 11, 2008." See Exhibit: A, 6-7).

On or Nov, 2008 Mr.Flemming filed a habeas corpus contesting his indefinite detention in ICE in Stewart detention center with genuine substantial evident material Fact. was transferred to Atlanta detention center later December 2008.

2

"Incarceration" encompasses confinement in Prison (eg.Withrow v. Williams, 507U.S.680 (1993); Fay V.noia.372U.S391 (1963)).

(b)Hensley v. Municipal Ct., 411 U.S. at 351 (quoting Jones v. Cunningham, 371 U.S. at 240). Accord Jones v. Cunningham, 371 U.S. at 243 (paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do"). See Dickerson v. Guste, 932 F.2d 1142, 1144 (5th Cir.), cert. denied, 502 U.S. 875 (1991) (custody for purposes of habeas corpus review is broader than custody sufficient to trigger speedy trial requirements; detainer lodged against prisoner serving sentence under prior conviction satisfies former, but not latter, definition of custody); Fernos-Lopez v. Figarella-Lopez, 929 F.2d 20, 21–23 (1st Cir.), cert. denied, 502 U.S. 886 (1991) (incarceration in jail for civil contempt for failure to comply with order to pay alimony would constitute custody for habeas corpus purposes); Steinberg v. Police Court, 610 F.2d 449, 453 (6th Cir. 1979). See also Picrin-19. Peron v. Rison, 930 F.2d 773, 775–76 (9th Cir. 1991) (possibility that INS in future might confine petitioner whom it previously incarcerated pursuant to exclusion proceedings, but whom it released at least temporarily, might qualify as "custody" under "voluntary cessation exception to the mootness doctrine"; court concludes, however, that INS was not "free to resume" incarceration, as required by "voluntary cessation" exception, )". See generally Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts (citing and discussing cases); authority cited infra ∫ §8.2d nn.40–50.

See, e.g., Malinovsky v. Court of Common Pleas, 7 F.3d 1263, 1265 (6th Cir. 1993), cert. denied, 510 U.S. 1194 (1994) ("custody" requirement satisfied because petitioner "has been released on a personal recognizance bond"); Capler v. City of Greenville, 422 F.2d 299, 301 (5th

4

Cir. 1970) (bond pending appeal). But cf. Lahey v. Floyd, 992 F.2d 234, 235–36 (9th Cir. 1993)

(although recognizing that pretrial release on bond can constitute "custody" in appropriate

circumstances, court finds that petitioner's pretrial release on bond to live in brother's home

(later modified to own home) did not constitute "custody" because "[n]o serious impairment of

[petitioner's] freedom was involved").

See, e.g., Justices of Boston Mun. Ct. v. Lydon, 466 U.S. 294, 301 (1984) (petitioner who had

been released on own recognizance pending trial de novo was in "custody" for habeas corpus

purposes because petitioner was "subject[ed] ... to 'restraints not shared by the public generally,'

" in that he was "under an obligation to appear for trial ... on the scheduled day and also 'at any

subsequent time to which the case may be continued,' " and also was constrained by

"require[ment] that he 'not depart [from the jurisdiction] without leave' "); Hensley v. Municipal

Ct., 411 U.S. at 351–52 (release on recognizance subject to conditions pending appeal);

Lawrence v. 48th District Court, 560 F.3d 475, 480 (6th Cir. 2009) ("custody" requirement was

satisfied because "Lawrence had been sentenced and then released on personal bond pending the

resolution of his appeals"); Oyler v. Allenbrand, 23 F.3d 292, 293–94 (10th Cir.), cert. denied,

513 U.S. 909 (1994) (release on bond pending appeal); Nakell v. Attorney General, 15 F.3d 319,

323 (4th Cir. 1994); Mieles v. United States, 895 F.2d 887, 888 (2d Cir. 1990); Saylor v.

Cornelius, 845 F.2d 1401, 1403 n.2 (6th Cir. 1988) (obligation to appear for trial constitutes

custody for habeas corpus purposes); Reimnitz v. State's Attorney, 761 F.2d 405, 408 (7th Cir.

1985) (release under "mandatory supervised" conditions pending appeal); United States ex rel.

Scranton v. New York, 532 F.2d 292, 293–94 (2d Cir. 1976) (release on recognizance pending

trial); United States v. Hill, 171 F. Supp. 2d 1032, 1037 n.3 (D. S.D. 2001) (federal prisoner who

"filed his ∫ 2255 Motion before he appealed his conviction and surrendered himself to the

5

Bureau of Prisons to begin serving his sentence … was 'restrained' to the extent that he was effectively 'in custody' for purposes of ⌡ 2255 review" (citing FHCPP));see Spring v. Caldwell, 692 F.2d 994, 999 (5th Cir. 1982) ("arrest warrant issued for willful refusal to pay a fine does not amount to custody").

It is very clear that Mr. Flemming was not ,**not incarcerated** at Bartow County as was held for ICE but **was in custody** and also not in violation of the order of supervision as stated by declaration that is **traverse**.

8 U.S.C. 1231]

(a) Detention, Release, and Removal of Aliens Ordered Removed

(1) Removal period

(A) In general

Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

(B) Beginning of period

The removal period begins on the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)     If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)     If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

The genuine substantial evident material Fact have shown very clearly that Mr. Flemming was in the custody of ICE entered June 20, 2005 unto date, this is over six years in counting.

On June  6th, 2007 an Immigration Judge's  ordered Petitioner removed from the United States and this order became final order as BIA affirmed the IJ's Order on August 31,2007 ,there was no stay of removal Granted, was on January 9,2008 release Petitioner after filing a Habeas corpus before Judgment was given for justice ,Case Number:1:08-Cv-03789-CAP.

 Mr. Flemming was and is under the detained under immigration process as we see a detainer or or hold was in Bartow County detention center computer the 19 April 2011 and supervision records report September 27, 2011 place to report ICE in Los Angeles, California with the" request or "apply for travel document" . See Exhibit: C

 In pretrial detention For ICE detainer the Petitioner, although "in custody" **is not** "Incarcerated". See Supra 8.2 a.8.2d.

   "Incarceration" encompasses confinement in Prison (eg. Withrow v. Williams, 507U.S.680 (1993); Fay V. Noia.372U.S391(1963)).

On August 31, 2007 Mr. Flemming received a final removal order. See Exhibit:

The 90 days period was pass Dec 1st, 2008 as to removal March3rd ,2008 six months after in ICE custody unto Janurary 9th 2009 to See: <u>In Zadvyas, the Court held that individuals with final orders of removal could validly be detained for Six months. 533 U.S. at 701. After six months, individuals may be released upon a showing that there is no significant likeihood of removal inthe reasonably foreseeable future.Id. See;Kim, 123 S.Ct.at 1720.</u>

 On September 2nd 2011 Mr. Flemming was transferred by Sheriff of Irwin Detention Center ,from Bartow County Detention Center to Atlanta Detention Center not "by ICE Fugitive Operations Officers at the Bartow County , Georgia Detention center after failing to depart the United **States."** Remind this Court that Mr. Flemming is on supervision release not a time or date set for departure. See Exhibit: A, 12).

On Oct, 12 2011, was serve a **Notice To Alien of file custody Review**   After the Habeas Corpus was filed .See Exhibit: E

On November 8th 2011, was serve a **Notice To Alien of file custody Review**   after the Habeas Corpus was filed .See Exhibit: F

## ANALYSIS AND ARGUMENT OF THE PETITIONER 'S TO RESPONDENT'S

## POSTION

On April 29, 2003, the Supreme Court issued a decision in Demore v. Kim,123 S. Ct. 1708 (2003). Individuals who have been or will be detained for lengthy periods of time pendings the resolution of their removal cases may be able to distinguish their cases from Kim and show that their detention is unconstitutional .the majority opinon relies, in part on the fact that "not only does detention have a definite termination point, in the majority of cases it lasts for less than 90 days" Kim,123 S.Ct. at 1720. In this respect, the Court distinguished its holding in Zadvydas v.Davis, 533 U.S.678(2001), which addressed indefinite detention under INA 241, 8 U.S.C 1231(post order detention).

The statistics about the average length of detention that the Court cited in are surprising. See generally Kim, 123 S.Ct at 1720-21. According to the court , in the majority of INA 236(c) cases, detention lasts than 90 days. The Court pointed out that 90 days was considered presumptively vaild in Zadvyas.On August 31, 2007 Mr. Flemming received a final removal order. See Exhibit:

The 90 days period was pass Dec 1st, 2008 as to removal March3rd ,2008 six months after in ICE custody unto January 9th 2009 to date See: In Zadvyas, the Court held that individuals with final orders of removal could validly be detained for Six months. 533 U.S. at 701. After six

8

months, individuals may be released upon a showing that there is no significant likelihood of removal in the reasonably foreseeable future. Id.   See; Kim, 123 S.Ct.at 1720.

The Court said that in 85% of cases where the individual is detained under INA 236(c), removal proceedings are completed in an average time of 47 days and a median of 30 days . In the remaining 15% of cases, in  which the person appeals the IJ' decision to the BIA, appeal takes an average of four months , with a median time that is slightly shorter, The Court concluded that in the "vast majority" of mandatory detention cases , detention lasts about five months. the Court noted that   Kim had been detained for six months, "somewhat longer than the average,"

But that he had requested a continuance of his hearing. The Court left open the possibilitiy that where the detention lasts longer than the "vast majority" of cases described above, detention without an individualized bond hearing may no longer be justified.

In the case at hand Mr. Flemming fall under zadvydas because the government is unable to remove them the U.S. so argue that INA 236(c) is unconstitutional as applied to him. The majority in kim distinguished Zadvydas from Kim on the basis that the post-order detention at issue in Zadvydas did not serve its purported purpose. In contrast ,the Court found that detention under INA 236(c), "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed."Kim, 123S.Ct.at 1720. the purpose of detention under INA 236(c) is to ensure removal from the United States, then arguably, there is no purpose in Mr.Flemming's case who have no likelihood of being removed in the reasonable foreeseeable future as the St. Kitts Embassy letter Stated "Please be advise that the Embassy is not in a position to issue any documents at this time." See Exhibit:

The Government of St. Kitts has made it clear and declined to a travel document in

9

Mr.Flemming's case as we read the material fact the letter from Embassy of St. Kitts stated on March 15, 2011 "Please be advise that the embassy is not in a position to issue any documents at this time." The Embassy had all correct name and Information before declined by letter ,and on the 9th November 2011 by not issuing ICE request for document : See Exhibit: A, 19), G

After Six years according to the records at hand in the "custody "of ICE and sufficient material evidence of Embassy Letter and did not violate supervision by not report, the date to report was September 27 2007 that was to Apply for travel document as did see the response for Embassy ,did not violate supervision by incarceration  ,the detention is in violation of  See: Demore v. Kim,123 S. Ct. 1708 (2003). Exhibit : C

**WHEREFORE,** I respectfully urge this honorable court to grant assist to Steven V.   Flemming **TRAVERSE TO THE ANSWER** Writ of Habeas Corpus relief   and **Summary Judgment** unto Flemming's indefinite detention to the above mentioned in the intent of justice.

I Steven v Flemming declare under penalty of perjury that the foregoing is true and the best of my knowledge and belief.

Executed: Nov 28 2011

Respectfully Submitted

Steven V.   Flemming Pro-se.

**SWORN TO AND SUBSCRIBED TO** before me this 28 day of Nov , 2011.

MY COMMISSION EXPIRES APRIL 27, 2014

10

ExhibiT: A

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ALABAMA

### MIDDLE DIVISION

| | |
|---|---|
| EDWARD FLEMING,<br><br>        Petitioner<br><br>v.<br><br>ERIC HOLDER, Attorney General, et al.,<br><br>        Respondents | )<br>)<br>)<br>)<br>)  4:11-cv-3659-RBP-PWG<br>)<br>)<br>)<br>)<br>) |

## DECLARATION

I, Gerald Smith, declare under penalty of perjury the following:

1. I am the Assistant Field Office Director of the U.S. Immigration and Customs Enforcement (ICE) facility at Gadsden, Alabama. As such, I have supervisory authority over all ICE activities in Gadsden. I make this declaration based upon review of the alien registration file relating to Steven Flemming (A 043 039 707).

2. Petitioner is a citizen of St. Kitts, who last entered Christiansted, St. Croix, Virgin Island on or about September, 23 1991 as an immigrant P23 child of an alien resident.

3. On September 22, 1997, in the Superior Court at Bartow County Georgia, for Possession by Ingestion, cocaine Mr. Fleming was convicted in violation OCGA 16-13-30a.

4. On September 22, 1997, in the Superior Court at Bartow County Georgia, Mr. Fleming was convicted of Possession with intent to Distribute Cocaine in violation of Georgia Statute 16-13-30b. He was sentenced to ten years, to serve two years in confinement.

5. Petitioner initially entered ICE custody on June 20, 2005, and was served with a Notice to Appear charging him with removability pursuant to 237(a)(2)(A)(iii) of the INA as defined in section 101(a)(43)(b) and a controlled substance violation under section and 237(a)(2)(B)(i).

6. Mr. Fleming was transferred to ICE custody on November 15, 2006. On June 6, 2007 an Immigration Judge ordered Mr. Fleming removed from the United States to his native St. Kitts-Nevis. Mr. Fleming appealed to the Board of Immigration appeals, who affirmed the Immigration Judge's order on August 31, 2007. Mr. Fleming appealed the Board's decision to the US Court of Appeals for the Eleventh Circuit Court was dismissed on September 11, 2008.

7. On February 21, 2008, Mr. Fleming filed a Habeas Corpus contesting his removal with the US District Court, Middle District of Georgia. This case was dismissed on September 11, 2008.

8. On January 9, 2009 subject was released from ICE custody on an Order of Supervision as decided by the ICE Headquarters Custody Management Unit.

9. On April 25, 2011 Mr. Fleming was arrested for theft by taking.

10. On May 3, 2011 Mr. Fleming was determined to be in violation of his Order of Supervision due to failure to report as required.

11. On September 1, 2011 it was discovered that Mr. Fleming was also in violation of his Order of Supervision due to his incarceration in Bartow County, Georgia for an April 25, 2011 arrest for theft and a May 31, 2011 arrest on drug distribution charges.

12. On September 2, 2011 Mr. Fleming was arrested by ICE Fugitive Operations Officers at the Bartow County, Georgia Detention center after failing to depart the United States.

13. On September 7, 2011, ICE served on the Petitioner the Form I-229(a), Warning for Failure to Depart. The Petitioner was also advised to provide ICE with any documentation that could expedite the issuance of a travel document to him.

14. On September 8, 2011, ICE requested a travel document from the Consulate of St. Kitts on Petitioner's behalf.

15. On October 7, 2011 Fleming was transferred to ICE Etowah County Detention Center

16. On November 9, 2011, ICE served on the Petitioner the Form I-229(a), Warning for Failure to Depart. The Petitioner was also advised to provide ICE with any documentation that could expedite the issuance of a travel document to him.

17. On November 9, 2011 ICE contacted the Embassy of St. Kitts seeking information regarding the status of its request for a travel document for the Petitioner.

18. On November 9, 2011 ICE an assistance request was sent to the ICE Headquarters Travel Document Unit.

19. The Government of St. Kitts has not declined to issue a travel document in the Petitioner's case. The Government of St. Kitts has issued travel documents in the past, and there is no reason to believe that the Government of St. Kitts will not issue a travel document in this matter, especially now that they have been provided the correct name and information. Based upon this officer's experience and expertise, I believe that ICE will secure a travel document for the Petitioner from the Government of St. Kitts in the reasonably foreseeable future.

I hereby declare under penalty of perjury that the above statements are true and correct to the best of my knowledge and belief.

_November 16, 2011_
Date

Gerald Smith
Assistant Field Office Director
Department of Homeland Security
U.S. ICE
Homewood, Alabama

Exhibit: B



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

### 2211 UNITED STATES COURTHOUSE
### 75 SPRING STREET, SW
### ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
DISTRICT COURT EXECUTIVE                                                    404-215-1635
CLERK OF COURT

September 23, 2011

Mr. Steven V. Flemming
Inmate Number Unknown
Atlanta City Detention Center
254 Peachtree Street SW
Atlanta, GA 30303

     Re:    1:08-cv-03789-CAP

Dear Mr. Flemming:

    This will acknowledge receipt of your letter requesting copies of the entire record with respect to the above-entitled matter. There are 125 pages to copy. In accordance with the Federal Rules of Civil Procedure, the fee for copywork is $.50 per page or, in this case, $62.50. Acceptable methods of payment are a U.S. Postal Money Order (no other type of money order) or Bank Cashier's Check, made payable to Clerk, U.S. District Court. You must also supply a postage-prepaid, self-addressed envelope before the copywork will be sent to you. Please attach the duplicate copy of this letter to your payment and envelope for reference.

                       Sincerely,

                       JAMES N. HATTEN
                       District Court Executive
                       Clerk of Court

            By:          A. Sanders
                       Deputy Clerk

AS/
Enclosure

Exhibit: C

**U. S. DEPARTMENT OF HOMELAND SECURITY**
IMMIGRATION & CUSTOMS ENFORCEMENT
300 NORTH LOS ANGELES STREET ROOM 7621
LOS ANGELES, CALIFORNIA 90012

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



**Steven Flemming**
**323 East 5th Street  #204**
**Los Angeles, CA  90013**

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

| | Continuation Page for Form: | **I-220B** |
|---|---|---|

| Alien's Name | File Number | Date |
|---|---|---|
| FLEMMING, Steven Victor | A043 039 707 | January 9, 2009 |

_Alien's Signature_

**Alien's Address**

C/O Janice Flemming    323 E 5th St 004

3706 Tree Crest Pkwy    JA GA 90013

Decatur, GA. 30035    (213) 623-0595   Home

(706 - 232 - 9727 (home)
Alien's Telephone Number (if any)

DoB: 08/01/73

**RIGHT INDEX PRINT**

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| 02-05-2009 | Reported to ATL/DRO. NCIC Neg. Next Report Date. 04/08/09 0800 | |
| 04/8/09 | ATD-4 | (Subject rip, next rip 6/8/09. |
| 4/21/09 | | To report back on May 08 2009. |
| 5/8/09 | SUBJ RIP, | N/C next RIP on 6/8/09. |
| 5/14/09. | | TERMINATED from 643, SUBJ. To report back |
| | | To ATD Office on 06/29/09. |
| 6/29/09 | | (Subject rip, next rip 9/30/09 |
| 9/30/09 | | RIP   NEXT   12/17/09 |
| 2/17/09 | SIA SUBJ. RIP N/C NXT RIP   03/17/10 |
| 3.16.10 OS-5 | SUBJ RIP, N/C NXT RIP 06/15/10 |
| 6-15-10 | SUBJ. RIP   NEXT RIP → 10-28-10, KESH. |
| 2.28.10 OS5 | SUBJ RIP, N/C NXT RIP—01.27.11 |
| 12/6/11 OS3 | APPLY FOR TRAVEL DOC.—SEP 27 2011 |

| | Title |
|---|---|
| re | **Deportation Officer** |

Exhibit: D

# BARTOW COUNTY SHERIFF'S OFFICE
## INMATE REQUEST/GRIEVANCE FORM
### (CIRCLE ONE)

DATE  08 / 21 / 11

| | | |
|---|---|---|
| MAJ | G.DOVER | JAIL ADMINISTRATOR |
| CAPT | D.COCHRAN | ASST. JAIL ADMINISTRATOR |
| LT | B.UPSHAW | A-ROTATION |
| SGT | M.WALTERS | A-ROTATION |
| LT | J.WORTHINGTON | B-ROTATION |
| SGT | G.BROWN | B-ROTATION |
| LT | S.INGRAM | C-ROTATION |
| SGT | M.HUSKEY | C-ROTATION |
| LT | T.PALLONE | D-ROTATION |
| SGT | J.WALTERS | D-ROTATION |
| SGT | L.WILSON | BOOKING SGT |
| | K.ALLEN | INMATE ACCOUNTS |
| LT | D.MINTER | RECORDS MGMT |
| DEP. | G.WILKINS | INMATE WORK PROGRAMS |
| LT | M.PRESSLEY | COURT SERVICES |
| REV. | | CHAPLAIN |

PUBLIC DEFENDERS OFFICE
PROBATION ... STATE - SSI - PPS
PAROLE

INMATE NAME: STEVEN V. FLEMMING
NAME MUST BE **PRINTED** HERE

Steven V. Clemmings
NAME MUST BE **SIGNED** HERE

**FOR JAIL OFFICE USE ONLY:**

ASSIGNED TO DEPUTY: Lt Upshaw
DATE: 08 / 22 / 11

COMMENTS: 04-19-11

COMPLETED BY: _____
DATE: ___ / ___ / ___
COMMENTS: _____

POD/BLOCK: 1 - 4          INMATE #: 200099

### PLEASE BE AS BRIEF AS POSSIBLE - One (1) Request per Form

What is The date Your Computer Stated That ICE Place
A Hold or detainer upon the Above Named Requester?

WHEN COMPLETED, YOUR REQUEST SHOULD BE FOLDED IN HALF LENGTH WISE (RIGHT TO LEFT),
COMPLETE THE INFORMATION ON THE BACK AND PLACE THIS FORM IN THE CONTAINER MARKED "MAIL".
IT WILL NOT BE ACCEPTED OR ANSWERED ANY OTHER WAY. **ANY FORM SUBMITTED WITHOUT A NAME**
OR SIGNATURE WILL BE DESTROYED.

Exhibit: E

**Department of Homeland Security**
U.S. Immigration and Customs Enforcement

**Warning for Failure to Depart**

| Name:<br>FLEMMING, Steven Victor | District Office:<br>ATL Field Office | File #:<br>A43 039 707 |
|---|---|---|

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

☒   Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

    (A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

    (B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

    (C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

    (D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

☒   Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final:<br>08/31/2007 | Ordered Removed under Section:<br>**237(a)(2)(A)(iii) & 237(a)(2)(B)(i)** |
|---|---|

| Record of Service<br>(Check method used) | |
|---|---|
| ( XXX )   Record of Personal Service | |
| Served By: (Print Name and Title of Officer)<br><br>T. Ground, Deportation Officer | Date:<br>09/13/2011 |
| Officer's Signature: | Location of Service:<br>Atlanta County Detention Center |
| Served On: Alien – Attorney<br><br>(Alien's Signature) | Date:<br>09/13/2011 |

| (    )   Warning administered in Court<br>(Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| (    )   Certified Mail Service | Fingerprint of Alien (Specify finger used) |

**Attach certified mail receipts here.**

Form I-229(a)
(Revised 12/04/02)

## INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☒ Submit passports (current and expired) to the ICE. If you have a copy of your passport, you are to submit it.

☒ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☒ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

☒ Submit to the ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

☒ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

☒ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

☒ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

☒ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

☒ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

☒ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

☒ Other: _____.

Alien's Signature X _____

Served by: _____
                Officer's Name

On _____ 09/13/2011 _____ at _____ ATL/ERO
                Date                                    Location

(Rev. 10/24/02)

Exhibit: E

*Atlanta Field Office*

**U.S. Department of Homeland Security**
180 Spring Street, SW
Atlanta, GA 30303

 **U.S. Immigration
and Customs
Enforcement**

FLEMMING, Steven Victor                          A# 043 039 707
c/o ICE at Atlanta County Detention Center
Atlanta, GA 30303

## Notice to Alien of File Custody Review

You are detained in the custody of the Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE) and you are required to cooperate with the (DHS/ICE) in effecting your removal from the United States. If (DHS/ICE) has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90 days) of either: 1) your entering (DHS/ICE) custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in (DHS/ICE) custody, the (DHS/ICE) Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about: **(12/06/2011)**. The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The district director will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Immigration and Customs Enforcement**
Attn: Deportation Officer T. Ground
180 Spring Street, SW
Atlanta, GA 30303

PROOF OF SERVICE
*Notice to Alien of File Custody Review*

**FLEMMING, Steven Victor**                                                    *A# 043 039 707*

## METHOD OF SERVICE

I certify that this form was provided to the alien by:   ☒ (Hand)   ☐ (Fax)   ☐ (Certified Mail)

( ) CC: Attorney of Record or Designated Representative

(x) CC: A-file


_____          Matthew  F. Lenze          10/12/2011
Signature of Officer                 Print Name of Officer       Date

*Office of Detention and Removal Operations*
**U.S. Department of Homeland Security**
827 Forrest Avenue
Gadsden, AL 35901

 

**U.S. Immigration
and Customs
Enforcement**

FLEMMING, STEVEN                                           A 043 039 707
Etowah County Detention Center
827 Forrest Avenue
Gadsden, AL 35901

### Notice to Alien of File Custody Review

You are detained in the custody of Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody, the ICE Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about          December 5, 2011
                                                          ~~November 8, 2011~~          The Deciding Official may
consider, but is not limited to considering the following:

1.  Criminal convictions and criminal conduct;
2.  Other criminal and immigration history;
3.  Sentence(s) imposed and time actually served;
4.  History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5.  Probation history;
6.  Disciplinary problems while incarcerated;
7.  Evidence of rehabilitative effort or recidivism;
8.  Equities in the United States;
9.  Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The district director will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Immigration and Customs Enforcement**
827 Forrest Avenue
Gadsden, AL 35901

---

### METHOD OF SERVICE

I certify that this form was provided to the alien by:        ☒ Hand                          ☐ Institution mail
☐ CC: Attorney of Record or Designated Representative
☒ CC: A-file

| | | |
|---|---|---|
| Signature of Officer | Christopher Purdy | November 8, 2011 |
| | Print Name of Officer | Date |

I voluntarily waive my right to a thirty-day notice of Post Order Custody Review _____

FLEMMING, STEVEN                                                          A  043 039 707

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case . Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☑ Submit passports (current and expired) to the ICE. If you have a copy of your passport, you are to submit it.

☑ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☑ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

☑ Submit to the ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

☑ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel

☑ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

☑ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal

☑ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

☑ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

☑ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

☐ Other: _____ .

Alien's Signature X _____     A Number  **043 039 707** _____

Served by _____Christopher Purdy_____ on | __11/08/11__ at __Gadsden, AL__
                  Officer's  Name                      Date                Location

## To be served with I-229 (a) no later than 30 days after the final order

(Rev. 10/24/02)



**EMBASSY OF ST. KITTS AND NEVIS**

March 15th, 2011

Steven Victor Flemming
323 East 5th Street
Apt # 204
Los Angeles, CA 90013

Dear Mr. Flemming:

The Embassy of Saint Kitts and Nevis acknowledges receipt of your notarized letter dated March 4th, 2011, stating your request for travel documents.

Please be advised that the Embassy is not in a position to issue any documents at this time.

The Embassy will advise you of any updates.

Sincerely 
Verlyn Maynard
Admin Attaché



OECS BUILDING • 3216 NEW MEXICO AVENUE, N.W. • WASHINGTON, D.C. 20016
TELEPHONE (202) 686-2636 • FAX (202) 686-5740

# IN THE UNITED STATES SUPREME COURT

Steven V. Flemming

Petitioner
-vs. -
Chief- Scott Hassel Hart
Etowah County Jail
**I.C.E # D.H.S**
Répondent.

**Affidavit.**

## NOTION

I, Steven V. Flemming, first duly sworn under oath deposes and says:

1. That I'm the Petitioner in the above captioned cause and make this Affidavit in support

of this writ of Habeas Corpus and presence unto this honorable court.

2. On 17 day of Oct,2011 by US postal mail sent (3)copies of the attached writ of Habeas

Corpus onto United States District Court for Northern District of Alabama . cv-11-PT-3659-KPWG

3. To this date there's no return of writ, haven't signed or seal by the clerk or Judge upon

the day of reception.

4. The privilege of the Writ have been suspended, violation of the first Amendment of the

constitution of United States.

5. For we read the order of <u>twenty days</u> to show cause are in violation of **§ 2243 Issuance**

**of writ; return; hearing; decision ,** there was no "good cause" shown by written order

of but the Clerk automatically stamp ordered is a violation of the Amendment rights

guaranteed by the due process and equal protection clauses .

6. On 4th Nov , 2011 Petitioner motion to the Clerk of Alabama asking to immediately

take the Motion into the chamber of the Judge to insure "the returned of the writ within

three(3) days unless for good cause additional time ,"--.See Attachment 1.

The clerk refuse to take Petitioner motion to the chamber of the Judge to automatic returned in the three days of the writ.

**NOTE: IMMEDIATELY ISSUE THE WRIT AS TO THE RETURNED.**

WHEREFORE, I respectfully urge this honorable court to grant assist to Steven V. Flemming Writ of Habeas Corpus relief unto Flemming's ~~illegal~~ indefinite detention to the above mentioned in the intent of justice.

I Steven v Flemming declare under penalty of perjury that the foregoing is true and the best of my knowledge and belief.

Executed: Nov 14 2011

                                   Respectfully Submitted

                                   _Steven V. Flemming_

                                   Steven V.  Flemming Pro-se.

SWORN TO AND SUBSCRIBED TO **before me this** 14 **day of Nov , 2011.**

_M Ladah Lankford_
NOTARY PUBLIC.

MY COMMISSION EXPIRES APRIL 27, 2014

# CERTIFICATE OF SERVICE

I  Steven V.  Flemming certify that I serve this copy of notion by hand unto the following

addresses:

Chief- Scott Hassel Hart
Etowah County Jail
827 Forrest Ave
Gadsden AL. 35901.


I.C.E. # D.H.S.
1250 Poydras St. #350
New Orleans, LA 70113



Executed: 14ᵗʰ day of Nov, 2011.


Respectfully Submitted

Steven v Flemming

Steven V.  Flemming

# CERTIFICATE OF SERVICE

I   Steven  V.   Flemming  certify  that  I  serve  this  copy  of  **TRAVERSE TO THE**

**ANSWER** Writ of Habeas Corpus relief  and **Summary Judgment** by hand unto the

following

addresses:

**Chief- Scott Hassel Hart**
**Etowah County Jail**
**827 Forrest Ave**
**Gadsden AL. 35901.**


**I.C.E. # D.H.S.**
**1250 Poydras St. #350**
**New Orleans, LA 70113**



**Executed:** 28 **day of Nov, 2011.**


                                                    **Respectfully Submitted**

                                                    Steven V. Flemming